Judge Trimble
delivered the opinion of the Court.*
THIS was an action of assumpsit, brought by Chit* wood’s administrators against Moses Kibby.
The declaration contains several counts, in each of which the plaintiffs allege, in substance, that under an act of assembly authorizing them to sell the real estate of their intestate, they had exposed to sale a small tract ofland, and that the defendant had become the purchaser, but failed and refused to pay the purchase money.
The defendant demurred to the declaration, and the plaintiffs having joined in demurrer, judgment was given against the defendant.
The assignment of errors questions the correctness of that decision.
The act of assembly authorizes the administratorste sell the real estate of their intestate to the highest bidder, at a credit of six, twelve and eighteen months, taking from the purchaser bond and sufficient security for the payment of the purchase money. See Session acts of 1821, 337.
As the authority of the plaintiffs to sell is derived from the act of assembly, it is plain, that unless they have pursued its directions in selling, they cannot maintain an action against the purchaserfor the purchase money.
It is made the duty of the administrators, by the act, to take bond and security from the purchaser for the purchase money, and if he refused to give such bond, he thereby forfeited his right to purchase the land as highest bidder, and the administrators were at liberty to sell it to another purchaser.
Whether .the plaintiffs could maintain an action on the case in tort against the defendant, for consequential damages for a failure to give bond and security for the purchase money or not, is not necessary now to be decided; for however that may be, we are well satisfied that the declaration does not show a right in the plaintiffs to recover in this action, and, consequently, the court below erred in overruling the demurrer.
Triplett,for appellant; Bibb, for appellees.
The judgment is reversed with costs, and the cause remanded to the court below, with directions to render judgment in favor of the defendant*

 Absent, Ch. J. Barry.